WM. H. MARTIN v. W. G. GRAHAM, USE OF, ETC.

A bond for writ of error which does not show the number of the case, the amount of the judgment, the term of the court, the county in which the judgment was rendered, nor anything else which would identify the case, except the names of the parties to the judgment, is fatally defective; and on motion, will afford grounds for a dismissal of the writ of error.

ERROR from Henderson. Tried below before the Hon. R. A. Reeves.

Suit by defendant in error against plaintiff in error, on a promissory note, and judgment rendered in his favor in the District Court of Henderson county, on the 14th day of November, 1857, for the sum of one hundred and fifty-three dollars and fifty cents.

On the 8th day of November, 1859, the plaintiff in error filed his petition for writ of error, and bond. The caption of the bond was as follows:

"Wm. H. Martin v. W. G. Graham.
"The State of Texas."

It proceeded in the usual form—"Know all men by these presents, that I, Wm. H. Martin as principal, and Charnell Higthen and A. J. McDonald as securities"—to bind themselves to pay to the defendant in error in the sum of three hundred and fifty dollars.

The conditions of the bond were as follows: That, "whereas, the said W. G. Graham, for the use and benefit of J. B. Luker, did, on the —— day of ——, A. D. 1857, obtain a judgment against the said Wm. H. Martin, obligor as above; and, whereas, the said obligor has this day sued out a writ of error to the Supreme Court at Tyler, for the year A. D. 1860, to remove said cause to said Supreme Court at the April Term aforesaid, for the purposes aforesaid; now, if the said Wm. H. Martin will well and truly prosecute said writ of error to the said Supreme Court, or abide by and discharge all such decisions and orders of the Supreme Court which may be made in the said errors, then this obli-

Tirrell v. Canada & Rice.

gation shall be null and void, otherwise remain in full force." The number of the cause was not endorsed on the bond.

The defendant filed a motion to dismiss the cause, because of the defects of the bond pointed to and embraced in the opinion.

*Thos. B. Greenwood*, for the defendant in error.

ROBERTS, J.—The bond for the writ of error is defective, in not identifying the case in which it is given, and is otherwise informal in its condition. It does not show the number of the case, the amount of the judgment, the term of the court, or the county in which the judgment was rendered, or anything else which would identify the case, except the names of the parties to the judgment. This is not sufficient; and as a bond of some sort is now required in cases of writs of error as well as appeals, the writ of error in this case must be dismissed.

Writ of error dismissed.